IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION,<br>    AFL-CIO<br>    1300 L Street, NW<br>    Washington, DC 20005<br><br>           Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE<br>    475 L'Enfant Plaza, SW<br>    Washington, DC 20260<br><br>           Defendant. | Civil Action No. |

**COMPLAINT**

PRELIMINARY STATEMENT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for injunctive and other appropriate relief, seeking the immediate processing and release of records requested by Plaintiff American Postal Workers Union, AFL-CIO from Defendant United States Postal Service.

Plaintiff submitted a FOIA request to Defendant on September 8, 2008 for records of Pay for Performance lump-sum awards and pay increases. Defendant rejected Plaintiff's FOIA request on September 22, 2008. On September 30, 2008, Plaintiff administratively appealed Defendant's decision to reject its FOIA request. Defendant rejected Plaintiff's administrative appeal on October 6, 2008.

To vindicate the public's right to information concerning United States Postal Service operations, Plaintiff seeks an injunction requiring the Defendant to immediately process its request and to release records that are and have been unlawfully withheld.

PARTIES

1.      Plaintiff American Postal Workers Union, AFL-CIO ("APWU") is a Washington, DC-based labor organization that represents over 330,000 United States Postal Service employees and retirees and approximately 2,000 private-sector mail workers. The APWU consists of 1,600 state and local unions as well as retiree and auxiliary chapters. The APWU represents its bargaining unit members with regard to wages, hours, and working conditions.

2.      In accordance with 39 U.S.C. § 201, Defendant United States Postal Service ("USPS") is an independent establishment of the executive branch of the United States Government, and is an agency within the meaning of FOIA provision 5 U.S.C. § 552(f)(1). The USPS has possession and control of the records at issue in this action.

JURISDICTION AND VENUE

3.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B), 28 U.S.C. § 1331, 5 U.S.C. §§ 701-706, and 28 U.S.C. § 2201.

4.      Venue is properly before this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## FACTS

I.    THE APWU'S FOIA REQUEST AND ADMINISTRATIVE APPEAL

5.    By letter dated September 8, 2008, the APWU requested that, in accordance with the FOIA, the USPS provide information related to its employees most recent Pay for Performance lump-sum awards and salary increases ("PFP" or "PFP information") in electronic format.

6.    Specifically, the APWU requested that the USPS release its PFP-program-participating employees' finance numbers, last names, first names, middle initials, levels, titles, PFP lump-sum-payment amounts, and PFP wage-increase amounts.

7.    The USPS rejected the APWU's FOIA request by letter, dated September 22, 2008. In rejecting the APWU's FOIA request, the USPS cited FOIA provisions 5 U.S.C. § 552(b)(3) ("Exemption 3"), 39 U.S.C. § 410(c)(2), and 5 U.S.C. § 552(b)(6) ("Exemption 6").

8.    By letter dated September 30, 2008, the APWU administratively appealed the USPS's decision to reject its FOIA request.

9.    The USPS rejected the APWU's administrative appeal by letter dated October 6, 2008. In rejecting the APWU's administrative appeal, the USPS cited Exemption 3, 39 U.S.C. § 410(c)(2), and Exemption 6.

II.    THE NATURE OF THE INFORMATION SOUGHT

10.    The USPS's PFP program is a pay system that supplements and determines progression along a pay banding system that provides for traditional pay grades as well as pay steps within each pay grade.

11. Currently, the PFP program consists of two major variable-pay systems.

12. The first PFP system is called the Executive and Administrative Schedule ("EAS") and applies to roughly 70,000 USPS employees, including postmasters, supervisors, managers, and other workers who are not eligible for membership in a postal union.

13. The second PFP system is called the Postal Career Executive Services (PCES) system and applies to approximately 750 executives.

14. The USPS instituted the currently-administered EAS PFP system in 2004 and the currently-administered PCES PFP system in 2002.

15. The USPS's current PFP program is a revised version of two former PFP programs.

16. The USPS's former PFP programs included an Economic Value Added Variable Pay Program (EVA) for lump sum payments and a Merit Pay Program (MPP) for salary increases.

17. The EVA PFP system was effective between 1996 and 2002 while the MPP PFP system was effective between 1996 and 2003.

18. Current PFP participants' lump-sum awards and salary increases are determined by PFP participants' performances ratings, which range on a scale of 1 to 15, with a rating of 15 signifying the highest level of performance.

19. PFP participants' performance ratings are composed of factors that include the participants' units' overall productivity and expenses; individual performance factors; results of service-related indicators; national and unit revenues; and customer-service-related factors. The weight of each PFP factor differs between participant groups, with performance-rating formulas tailored for each participant group.

20.     PFP participants do not receive cost-of-living adjustments, automatic step increases, or automatic locality pay increases to their salaries. All pay increases depend upon performance evaluations.

21.     EAS system participants receive base-salary step increases within their pay grades based on their performance evaluation from the previous fiscal year. Where a base-salary step increase would raise an EAS system participant's salary beyond the maximum pay level for a pay grade, the excess payment is distributed in the form of a lump-sum award.

22.     PCES system participants receive both base-salary step increases and lump-sum payments – without regard to maximum pay grade payment considerations – based upon individual participants' performance evaluations from the previous year.

23.     Although the USPS denied the APWU's request for information in this case, the USPS has, in the past, stated its willingness to release information pertaining to its employees' current salaries, pertaining to national PFP-salary-increase averages and lump-sum-payment amounts, as long as the information does not correspond with individuals' identities, and PFP information between 1998 and 2004.

### III.    THE USPS'S DENIAL OF THE APWU'S FOIA REQUEST

24.     As applied to the EAS system information, in denying the APWU's FOIA request, the USPS failed to specifically explain how, in light of the mechanics of the EAS system, the requested information fit either Exemption 3 or Exemption 6, or what specifically about the release of such information would constitute a less-than-good business practice.

25. As applied to the PCES system information, in denying the APWU's FOIA request, the USPS failed to specifically explain how, in light of the mechanics of the PCES system, the requested information fit either Exemption 3 or Exemption 6, or what specifically about the release of such information would constitute a less-than-good business practice.

## CAUSES OF ACTION

### First Cause of Action: Violation of the FOIA for Failure to Make Promptly Available the Records Sought by Plaintiff's Request

26. The APWU incorporates the allegations of paragraphs 1-27.

27. As applied to the EAS system information, in denying the APWU's FOIA request, the USPS failed to specifically explain how, in light of the mechanics of the EAS system, the requested information fit either Exemption 3 or Exemption 6, or what specifically about the release of such information would constitute a less-than-good business practice.

28. The USPS's rejection of the APWU's FOIA request as it pertained to EAS information, therefore, was arbitrary, capricious, an abuse of discretion, not in accordance with law, in excess of statutory authority and limitations, and short of statutory right.

29. As applied to the PCES system information, in denying the APWU's FOIA request, the USPS failed to specifically explain how, in light of the mechanics of the PCES system, the requested information fit either Exemption 3 or Exemption 6, or what specifically about the release of such information would constitute a less-than-good business practice.

30. The USPS's rejection of the APWU's FOIA request as it pertained to PCES information, therefore, was arbitrary, capricious, an abuse of discretion, not in accordance with law,

in excess of statutory authority and limitations, and short of statutory right.

31.  As a consequence, the USPS's failure to release the records sought by the APWU's request violates FOIA provision 5 U.S.C. § 552(a).

Second Cause of Action:
Violation of 5 U.S.C. §§ 701-706 for Engaging in Agency Action That is Arbitrary, Capricious, an Abuse of Discretion, Not in Accordance With Law, in Excess of Statutory Authority and Limitations, and Short of Statutory Right

32.  The APWU incorporates the allegations of paragraphs 1-33.

33.  The USPS's failure to release records sought by APWU's request is contrary to the express command of FOIA and thus constitutes agency action that is arbitrary, capricious, an abuse of discretion, not in accordance with law, in excess of statutory authority and limitations, and short of statutory right within the meaning of the Administrative Procedure Act, 5 U.S.C. §§ 706(2)(A)&(C).

REQUESTED RELIEF

Wherefore, the APWU prays that this Court:

(1)  order the USPS to immediately and expeditiously process the APWU's FOIA request and to disclose the requested records to the APWU in electronic format;

(2)  retain jurisdiction over this case to ensure compliance with this Court's decree;

(3)  award the APWU their costs and reasonable attorneys fees incurred in this action; and

(4)     grant such other relief as the Court may deem just and proper.

                                        Respectfully submitted,

                                        O'DONNELL, SCHWARTZ & ANDERSON, P.C.

Date:  February 6, 2009            By:     /s/
                                        Lee W. Jackson (DC Bar No. 436010)
                                        ljackson@odsalaw.com
                                        1300 L Street, N.W., Suite 1200
                                        Washington, D.C. 20005-4126
                                        (202) 898-1707 / Fax (202) 682-9276